IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **DONALD E. ZIMMERMAN** | **PLAINTIFFS** |
| **V.** | **CASE NO. 1:07CV294** |
| **BANK OF AMERICA** | **DEFENDANTS** |

## ORDER

This cause comes before the court on Bank of America's motion to dismiss for failure to state a claim upon which relief can be granted [6]. While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007) (internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id*. at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

Donald Zimmerman's complaint alleging a violation of the Fair Credit Reporting Act ("FCRA") codified at 15 U.S.C. § 1681, et seq. was removed to this court on November 11, 2007. Zimmerman alleges that through a consumer credit reporting agency he began an investigation of a Bank of America account in his name reporting as a "charge off." He further states that Bank of America continues to incorrectly report the existence of this account following the investigation. Bank of America's motion to dismiss rests on two grounds: that

Zimmerman (1) does not have a private right of action under the FCRA and (2) failed to allege prerequisites required by the FCRA.[1]

**Section 1681s-2(b) imposes duties on furnishers of information to investigate disputed information and report the results of any such investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). The plain language of the FCRA imposes civil liability on "any person" violating a FCRA duty unless some exception applies. Section 1681s-2(c) provides exceptions to civil liability for failure to comply with 15 U.S.C § 1681s-2(a) and 15 U.S.C. § 1681s-2(c). Nothing in this section precludes a private right of action for violation of the investigation and reporting requirements of 15 U.S.C. § 1681s-2(b). Additionally, Fifth Circuit courts have consistently held that 15 U.S.C. § 1681s-2(b) allows for a private cause of action against "furnishers of information."** *See e.g. Kennedy v. Victoria Secret Store's Inc.*, **2004 WL 2186613 at \*3 (E.D. La. September 29, 2004);** *Thompson v. Electronic Transaction Corp.*, **2000 WL 33907674 at \*5-6 (N.D. Miss. March 30, 2000). This court finds that a private right of action exists under 15 U.S.C. § 1681s-2(b).**

**Bank of America's second contention is that Zimmerman failed to allege prerequisites necessary for liability under the FCRA. Specifically, Bank of America states that Zimmerman's complaint lacks an allegation that the bank received notice from a consumer reporting agency triggering its duties under the statute.**

**The Rules of Civil Procedure require that a complaint and its allegations be construed "to do substantial justice." Fed. R. Civ. P. 8(f). A court must accept as true all**

---

[1] Bank of America also raises the issue that their investigation was reasonable as a matter of law. This issue is improper in a Rule 12(b)(6) motion and should be dealt with at the summary judgment stage.

well plead non-conclusory allegations and must liberally construe the complaint in favor of the plaintiff. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 246-247 (5th Cir. 1997). However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Under this system, it is the duty of the pleador to put an opposing party on notice of the claims against them. This notice can be given by explicitly setting out the type of claim asserted or by putting forth each element of a claim. *Patterson v. Spellings*, 249 Fed. Appx. 993, 996 (5th Cir. 2007).

Courts are divided as to the pleading requirements with respect to 15 U.S.C. §1681s-2(b). There is authority that an action can be maintained only if a plaintiff pleads the element of notification with certainty. *See e.g. Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005); *Densmore v. General Motors Acceptance Corp.*, 2003 WL 22220177 (N.D. Ill. September 25, 2003). Alternatively some courts hold that a plaintiff is not required to plead with certainty that such notification was given. *See e.g. Varnado v. Trans Union, LLC*, 2004 WL 1093488 (N.D. Ill. April 29, 2004); *Jaramillo v. Experian Information Solution, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001). However, each of these courts has held that the element of notice must be included within the complaint.

Bank of America owed no duty to Zimmerman unless they received notice. Zimmerman fails to allege notice in his complaint. He simply assumes this prerequisite element. Additionally, Zimmerman fails to state which section of the FCRA serves as the basis of his complaint. The court finds nothing in the FCRA which requires a heightened pleading standard. However, all complaints must put the opposing party on notice of the

specific cause of action they must defend.  By neither stating the specific provision under which he moves or stating the elements of that provision, Zimmerman's complaint fails to provide sufficient notice and is defective.

While the complaint in this case is defective, it can be cured with only a minimum of additional facts.  Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with the court's leave.  The rule states that courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the parties have spent more than eight months moving through case preparation and discovery it would be burdensome to the plaintiff, economically inefficient for both parties, and a waste of judicial resources to dismiss the case at this juncture.  This court will give Zimmerman leave to cure the deficiencies in his complaint.  Failure to do so in a timely manner will ripen a motion to dismiss.

Bank of America's motion to dismiss is DENIED and Zimmerman's request for fifteen days to file an amended complaint is GRANTED.

This the 10th day of July, 2008.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI