**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DONALD E. ZIMMERMAN**                                                    **PLAINTIFFS**

**V.**                                                                                    **CASE NO. 1:07CV294**

**BANK OF AMERICA**                                                         **DEFENDANTS**

**MEMORANDUM OPINION GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

This cause comes before the court on the motion [35] of the defendant, Bank of America ("BOA"), seeking summary judgment.

On July 25, 1996, a Visa credit card from People's Bank & Trust was opened in the names of Donald E. Zimmerman and Pat K. Zimmerman. On September 25, 1999, MBNA purchased a number of credit accounts including the Zimmerman Visa account. The plaintiff, Donald E. Zimmerman made payments on that account between December 2002 and July 2004. On May 12, 2003, an airline ticket for passenger Donald Zimmerman was purchased using that card. In October 2006, BOA bought MBNA. On March 31, 2005, BOA charged off the Zimmerman account for non-payment. The account was placed in collections with the firm Wolpoff & Abramson.

On September 25, 2007, Zimmerman filed a dispute with the consumer credit reporting agency TransUnion claiming that this was "not his account." The next day BOA received a notice from TransUnion of the dispute. BOA verified Zimmerman's name, address, and social security number on October 4, 2007. One week later Zimmerman filed the instant suit alleging violations of the Fair Credit Reporting Act ("FCRA").

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

BOA first seeks summary judgment stating its investigation was reasonable meeting the standard imposed by the FCRA.

The FCRA imposes duties on those that furnish information to consumer reporting agencies to (1) investigate disputed information; (2) review all information provided by the consumer reporting agency in conducting the investigation; (3) report the results of the investigation to the consumer reporting agency; and, (4) report the results to all national consumer reporting agencies if the investigation finds the information given is incomplete or inaccurate. 15 U.S.C. § 1681s-2(b).

BOA states the information they were given was that the account in question was not Zimmerman's account. They reviewed the information given to them, Zimmerman's name, address, and social security number, and concluded the account had been opened in Zimmerman's name. They then reported this information back to the consumer credit reporting

agency. BOA argues this is a reasonable investigation.[1]

Zimmerman does not dispute these facts. Instead he argues that his complaint should have triggered an investigation as to whether his deceased spouse stole his identity in opening the account.

The Fifth Circuit has yet to decide what constitutes a reasonable investigation.[2] Judge Starrett ruled in *Robertson v. J.C. Penny Co., Inc.* that "[a] reasonable investigation 'clearly requires some degree of careful inquiry by creditors' and more than just a 'superficial' inquiry." 2008 WL 623397, at *8 (S.D. Miss. March 4, 2008) (quoting *Johnson v. MDNA Am. Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004)). "[W]hether such a 'reasonable' investigation has been conducted is generally a question of fact for the jury. *Id.* (citing *Johnson*, 357 F.3d at 430-31); *see also Westra v. Credit Controls of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Summary judgment is appropriate, however, if no rational juror could conclude either for or against liability based on undisputed facts. *Robertson* was a clear case and summary judgment was granted. The defendants were presented with a detailed dispute and "it appear[ed] [there was] no investigation of the disputed status of the claim at all." *Id.* Thus there was no need for the court to engage in a detailed breakdown of the reasonableness requirement. BOA claims the facts presented here would likewise allow for a grant of summary judgment.

BOA would have this court adopt the standard laid out in *Westra*. In *Westra* the Seventh Circuit held that because no information about possible fraud or identity theft was presented the

---

[1] BOA also points to information other than Zimmerman's name, address, and social security number which would tend to indicate the account was his responsibility. However, these facts are irrelevant to a discussion of the initial investigation because they were not discovered or investigated at the time of Zimmerman's dispute.

[2] Both parties agree a "reasonable" investigation is required by the FCRA. Relying on rulings from sister courts within the Fifth Circuit, this court agrees with that assumption. *See e.g.,* Robertson v. J.C. Penney Co., Inc., 2008 WL 623391, at *8 (S.D. Miss. March 4, 2008) (citing Bruce v. First U.S.A. Bank, National Association, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000)).

only thing required of a furnisher of information was to verify the name, address, and date of birth of the party disputing the reported credit problem. *Westra*, 409 F.3d at 827. That standard fits nicely with the facts presented to this court.

Zimmerman on the other hand asks the court to look to the Third and Fourth Circuits as well as a consent decree offered by the Federal Trade Commission ("FTC") in its crafting a definition of reasonable.

Zimmerman first relies on the Third Circuit's opinion in *Cushman v. Trans Union Corp.* 115 F.3d 220 (3rd Cir. 1997). However, this opinion deals with a different section of the FCRA than the one raised by the instant dispute. Further *Cushman* relies heavily on a Fifth Circuit case, *Stevenson v. TRW Inc.*, in coming to its decision. *Id.* at 224-26 (citing *Stevenson v. TRW Inc.*, 987 F.2d 288, 293-94 (5th Cir. 1997)). If this dispute involved that section of the FCRA, the court would be bound by the holding of *Stevenson*. However, the issues presented in *Westra and Stevenson* relate to reporting agencies and not furnishers of information. It is clear from the reasoning provided by the Third and Fifth Circuit that the burden on reporting agencies is greater than the burden imposed on furnishers of information. *See e.g.*, *Stevenson*, 987 F.2d at 293 (finding that a reporting agency can not simply rely on information provided by furnishers of information, but "must bear some responsibility for evaluating the accuracy of information obtained from subscribers") (citing *Swoager v. Credit Bureau of Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 976 (M.D. Fla. 1985)). It would thus be inappropriate to adopt this tougher standard as it relates to a furnisher of information.

Secondly, Zimmerman relies on the Fourth Circuit's opinion in *Johnson*. *Johnson* held that where a plaintiff disputed being a co-obligor there was a jury question as to the reasonableness of an investigation that confirmed the plaintiff's name and address as well as

noting the furnisher listed the plaintiff as the sole responsible party. 357 F.3d at 429, 431.

Finally, Zimmerman asks the court to consider a consent decree entered by the FTC and Performance Capital Management, Inc. ("Performance Capital"). The decree states:

> when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted from the file of the consumer who has disputed the account.

*United States v. Performance Capital Mgmt. Inc.*, Cause No. 2:01cv01047, Document No. 3, at *3 (C.D. Cal. Feb. 6, 2001).

The court does not find this consent decree persuasive in making its decision. It is not clear the decree reflects the letter of the law. For instance the decree requires Performance Capital to "notify all consumer reporting agencies to which" they provided information of all inaccurate or unverifiable information. However, the FCRA requires the results of an investigation be reported to all national consumer reporting agencies. 15 U.S.C. § 1681s-2(b). This shows a material difference between the requirements under the consent decree and those under the statute. Parties are obviously free to negotiate any terms they wish in drafting a

consent decree. It is certainly possible the parties here drafted a decree that placed a burden on Performance Capital that was greater than the burden laid out in the FCRA. This court has no way to determine if this consent decree reflects the metes and bounds of the FCRA or simply the wishes of the parties. As such this decree has limited value in determining the scope of the dispute reasonableness requirement.

Having looked at these cases, the court finds the analysis in *Johnson* persuasive. *Johnson* is the most consistent with the Fifth Circuit's ruling in *Robertson*. *Johnson* also evidences proper respect for reliance on the good sense of juries. Making determinations as a matter of law under these circumstances requires too much intervention from the court. This reasonableness decision is properly within the province of the jury.

BOA next argues Zimmerman was not damaged and therefore does not have a cause of action. Zimmerman responds that he has actual intangible damages because of the emotional distress caused by this process. Further he argues the FCRA allows for statutory and punitive damages even when there are no actual damages.

BOA contends Zimmerman can not collect on his emotional distress claim, because he exhibits no physical symptoms. Mississippi law requires physical injury before a party can recover for negligently caused mental distress. *American Bankers' Ins. Co. of Florida v. Wells*, 819 So.2d 1196, 1211 (Miss. 2001). However, the FCRA creates a separate federal cause allowing for recovery of mental distress damages. It appears courts have uniformly allowed plaintiffs to bring mental distress claims without proof of actual physical injury. *See, e.g., Matise v. Trans Union Corp.*, 1998 WL 872511, at *7 (N.D. Tex. November 30, 1998). The pronouncements of sister courts establish that mental distress claims can be brought under the FCRA without proof of physical injury. Zimmerman has offered sufficient proof to present an

emotional distress claim to a jury.

Zimmerman next argues he is entitled to statutory and punitive damages. The FCRA only allows these types of damages where the conduct of the defendant is willful. 15 U.S.C. § 1681n. Zimmerman offers no proof that BOA acted willfully or with a reckless disregard for the law. As discussed above this case alleges only minimal negligence. Zimmerman cannot go forward with any claims for statutory or punitive damages.

BOA's motion for summary judgment is GRANTED IN PART and DENIED IN PART.

This the 19th day of February, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**